IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH L. NASH,<br>TDCJ-CID No. 01947991,<br><br>Plaintiff,<br><br>v.<br><br>LETICIA CHAPA, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-149-Z-BR |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 29 2021
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed August 14, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On April 29, 2021, the Court ordered the Attorney General to submit authenticated TDCJ records. *See* ECF No. 12. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

On August 12, 2017, at approximately 9:40 p.m., Plaintiff was showering in the C-wing shower area of the TDCJ Dalhart Unit. *See* ECF No. 3, at 5. Plaintiff alleges that, without any provocation, Defendant Chapa entered the shower area and deployed a chemical agent on him, spraying his genitals with the intent to cause him physical pain. *See id.* According to authenticated records, Plaintiff was found guilty in disciplinary case number 20170372785 of the offense of

exposing his genitals to Defendant Chapa with the intent to arose his own sexual gratification. *See* ECF No. 14, at 2-3. Plaintiff alleges excessive force was used in violation of the Eighth Amendment. ECF No. 3, at 5. Further, Plaintiff claims that other Defendant correctional officers present on the unit failed to intervene in the use of force and failed to offer proper decontamination procedures. *Id.* at 5-6.

According to authenticated records, Defendants Dugar and Murcheski saw Defendant Chapa deploy chemical agents and immediately contacted supervisors on the unit to report a use of force, additionally no further force was used after the chemical agent was deployed. ECF 14 at 13-14. Photographs were taken and Plaintiff was asked if he had any injuries, to which Nash responded no. *Id.* at 14. Plaintiff gave a written, signed statement immediately following the use of chemical agent, and indicated "no" as to any injuries and he further explained that he received "no marks or injuries just pain to my private area." *Id.* at 18. During his physical screening for injuries, he reported none. *Id.* at 20. The authenticated records indicate Plaintiff was decontaminated following the use of chemical agents with "fresh air and water." *Id.* at 10. Plaintiff did not complain of continued pain during any follow-up screening or during his written statement. *See id.* at 10-20.

Officer Chapa was disciplined by TDCJ for failing to follow proper procedures in requesting a restroom break by leaving her duty post and entering the shower area and failing to follow proper procedures for the use of force. *Id.* at 15-16. Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and costs. *Id.* at 7.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a conviction includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff complains that Defendant Chapa used excessive force against him on August 12, 2017. ECF No. 3, at 5. However, as evidenced by the authenticated records, Plaintiff was convicted of disciplinary charges in connection with the incident in which the complained of force was used, and he lost 60 days of good-time credit as a result of the conviction. ECF No. 14 at 3. Plaintiff has not pleaded that the conviction has been overturned.

However, Plaintiff's excessive-force claim does not entirely implicate the validity of his disciplinary conviction. Rather, Plaintiff's claim that the use of force was entirely unprovoked is not supported by the record and that claim would invalidate his disciplinary conviction, but his excessive force claim is not *Heck* barred if the underlying conviction is not necessarily invalidated. *See Edwards*, 520 U.S. at 647–48; *see also Hudson v. Hughes*, 98 F.3d 868, 872–73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby*, 81 Fed. Appx. 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox*, 81 Fed. Appx. 476,

2003 WL 22734607 (5th Cir. 2003) (unpublished per curiam) (same).

Here, because it is possible that, despite some need to restore discipline as a result of Plaintiff's unruly behavior, the force used could still be considered excessive if not needed to protect the officer, other offenders or possibly the Plaintiff; thus, Plaintiff's claim is not *Heck* barred on the facts contained in the authenticated records.

Claims of excessive force to subdue convicted prisoner are analyzed under an Eighth Amendment standard. *Whitley v. Albers*, 475 U.S. 312 (1986). It is clearly established law that prison staff cannot cause the unnecessary and wanton infliction of pain. *Id.* at 320. The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 F. App'x 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The inquiry has two components: (1) an objective one that focuses on whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution and (2) a subjective one that focuses on the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7-8. The courts look to five nonexclusive factors to make this determination:

1. the extent of the injury suffered;
2. the need for the application of force;
3. the relationship between this need and the amount of force used;
4. the threat reasonably perceived by the responsible officials; and
5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson*, 503 U.S. at 7). The Court can consider these factors in any order. *Id.* "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville*, 567 F.3d at 167 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Plaintiff has no claim here because the authenticated records and his allegations establish that the use of force was in response to a disciplinary infraction (not inflicted solely and maliciously to cause harm) and, most importantly, Plaintiff suffered no injury from the use of force, with the exception of temporary pain caused by the chemical agent. Although it would be "repugnant to the conscience of mankind" to allow a correctional officer to deploy chemical agents to cause pain with *no* misbehavior on the part of an inmate, the use of chemical agents in response to some misbehavior by an inmate when no injury occurs is simply not cognizable under section 1983. "Short-term pain alone is insufficient to constitute more than *de minimis* injury for purposes of an excessive force claim." *Martinez v. Nueces County, Texas*, Civ. Action No. 2:13–CV–178, 2015 WL 65200, at *11 (S.D. Tex. Jan. 5, 2015); *accord Bradshaw v. Unknown Lieutenant*, No. 02–10072, 2002 WL 31017404 (5th Cir. Aug. 21, 2002) (finding that inmate's "burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat, blistering of his skin, rapid heartbeat, mental anguish, shock and fear as a result of the use of mace" was nothing more than a "*de minimis* injury").

Additionally, 42 U.S.C. § 1997(e), enacted as part of the Prison Litigation Reform Act (PLRA), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury ..." (emphasis supplied); *see also Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was *de minimus* and did not meet the physical injury requirement found in the PLRA). The law in this circuit is clear: in order to state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 Fed. Appx 965, 966 (5th Cir. 2007) (unpublished) (affirming the dismissal of a prisoner's excessive force claim, holding that the prisoner's split lip

was a *de minimus* injury and the conduct was not repugnant to the conscience of mankind). Plaintiff's disciplinary conviction showed he acted in an unruly manner, requiring Defendant Chapa to use force in a good faith effort to restore discipline. *See Sandoval v. Bickham*, Case No. 4:09-cv-3636, 2011 WL 666510 (S.D. Tex. Feb. 14, 2011) (finding that the application of chemical agent was not malicious or sadistic, but was done to restore discipline breached by prisoner taking control of the food slot, even where the use of the chemical agent violated prison policy).

### *HUDSON* FACTORS

Even if not *de minimus*, the Court finds that Plaintiff's only alleged injury, the pain he suffered to his genitals immediately following the use of force, is minor and, therefore, the first factor weighs in the Defendants' favor. Additionally, the use of force is permissible in a variety of situations, not only when it is necessary to protect oneself from an imminent physical attack by an inmate. The use of force is also appropriate when necessary to control a "recalcitrant inmate." *See, e.g., Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000); *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). The second factor also weights in Defendants' favor. It is clear that a limited application of chemical spray "to control a recalcitrant inmate constitutes a 'tempered response by prison officials' when compared to other forms of force." *Jones*, 207 F.3d at 496 (quoting *Williams*, 77 F.3d at 763). Again, the third *Hudson* factor weighs in favor of Defendants. Although the threat perceived by Defendant Chapa, Plaintiff's violation of prison regulations evidenced by his disciplinary conviction, is not a threat of imminent attach, which weighs in Plaintiff's favor, some recalcitrant behavior is inarguable by his conviction, which ways in Defendants' favor; thus, this factor is neutral. Finally, Defendants immediately screened Plaintiff for injuries and allowed "air and water" decontamination following the use of chemical agents. ECF No. 14 at 3-20. Providing medical attention after the administration of a chemical spray is recognized as a means

to temper the severity of the force used. *See Martin v. Seal*, 510 Fed. Appx 309, 313 (5th Cir. 2013). This factor likewise weighs in the Defendants' favor. Thus, Plaintiff has not stated a claim for excessive force based on the *Hudson* factors, and his claim must be **DISMISSED**.

To the extent Plaintiff alleges he should have a claim because Defendant Chapa was disciplined by TDCJ for policy violations, such claim fails. *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) (holding that prison "rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right."). Although Defendant Chapa was disciplined regarding the use of force and entering the shower area by leaving her post, such does not equate to proof of an Eighth Amendment violation.

Plaintiff's claims against remaining Defendants for failure to intervene are entirely contradicted by the authenticated records. *See* ECF 14 at 12-20. Immediately upon the use of force by Defendant Chapa, other named Defendants interceded to report the force and secure the Plaintiff and no further force was used. *Id.* The failure to protect an inmate from the use of excessive force by others can also be an Eighth Amendment violation that may give rise to liability under Section 1983. *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *Ryan v. City of Fort Worth, Tex.*, No. 4:07–cv–310–A, 2009 WL 577284, at *5 (N.D. Tex. Mar.5, 2009) ("An officer may be liable under 42 U.S.C. § 1983 if he is 'present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force.' " (quoting *Hale*, 45 F.3d at 919)).

But "this 'bystander' liability obtains only if the bystander defendant had reasonable opportunity to intercede and prevent the constitutional violation." *Blacke v. City of Galveston, Tex.*, No. 10–cv–388, 2014 WL 794025, at *8 (S.D. Tex. Feb. 27, 2014) (citations omitted). The "reasonable opportunity to intercede and prevent the constitutional violation" is "[t]he focus of the

bystander-liability inquiry." *Malone v. City of Fort Worth, Tex.*, No. 4:09–cv–634–Y, 2014 WL 5781001, at *16 (N.D. Tex. Nov. 6, 2014). Thus, "an officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.' " *Id.* at *16 (quoting *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)). Here, Defendant Dugar and Defendant Murcheski witnessed Defendant Chapa's use of force and did immediately choose to act; there is no indication they had any advance warning that force would be used by Defendant Chapa. Thus, Plaintiff's claims for failure to intervene are **DISMISSED** with prejudice as frivolous.

Plaintiff's claims against Defendants present on the unit as supervisors but that did not participate directly in mitigating the use of force by Defendant Chapa must be dismissed. In section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). To the extent that Plaintiff alleges that supervisors on the unit failed to prevent Defendant Chapa's

use of force, such claim is frivolous.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous and for failure to state a claim.

**SO ORDERED.**

July 29, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE